**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JHON MICHAEL CASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>MORENO RESTAURANT INC., JOSE RICARDO MORENO, Individually and CRISTAN ADRIAN MORENO, Individually,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JHON MICHAEL CASTRO ("Plaintiff" or "Named Plaintiff" or "Castro") by and through his attorneys, brings this Complaint against Defendants, MORENO RESTAURANT, INC. ("Moreno"), JOSE RICARDO MORENO, Individually ("Jose") and CRISTIAN ADRIAN MORENO, Individually ("Cristian") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of the New Jersey Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims, pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt waiter duties for Defendants from their Summit Avenue, Union City, New Jersey, restaurant location. Thus, Defendants are within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, the corporate Defendant was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. § 201, et.al., buying tools and products used in the entity's daily work, these tools and products having moved through interstate commerce.

7. Alternatively, Plaintiff worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to produce an end product for the corporate Defendant's consumers. Thus, Plaintiff falls within the protections of the Act.

**PARTIES**

8. Plaintiff Castro is an adult individual who is a resident of Union City, New Jersey.

9. Plaintiff Castro became employed by Defendants, full-time, as a non-exempt waiter, in Defendants' Summit Avenue, Union City, location in or about May 18, 2025, and worked for Defendants through in or about January 24, 2026.

10. Upon information and belief, Defendants own, operate, and/or manage three restaurant locations, two in Union City, New Jersey and a third in Bayonne, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, the Defendant Moreno employs individuals to perform labor services on behalf of all the restaurants, including Defendant Moreno's Summit location.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Moreno's annual gross volume of sales made or business done was not less than $500,000.00.

13. Upon information and belief, Individual Defendant Jose is a New Jersey state resident and travels amongst Moreno's three locations to manage the day-to-day business of Defendant Moreno.

14. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jose has been an owner, partner, officer and/or manager of Defendant Moreno.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jose has had power over personnel decisions at the Defendant Moreno.

16. Individual Defendant Jose was regularly present at Moreno and managed the day-to-day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise controlled the terms of their employment.

17. Upon information and belief, Individual Defendant Cristian is a New Jersey state resident and travels routinely to Bayonne and Union City to manage the day-to-day business of Defendant Moreno.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Cristian has been an owner, partner, officer and/or manager of Moreno.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Cristian has had power over personnel decisions at Defendant Montero.

20. Individual Defendant Cristian was regularly present at Defendant Montero, and managed the day-to-day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

**FACTS**

21. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all hours worked in a work week.

22. Plaintiff routinely worked more than forty (40) hours per work week in Defendants' Summit Avenue, Union City, New Jersey, location, anywhere from approximately forty-eight (48) to eighty-three (83) hours per week..

23. Upon information and belief, Plaintiff Castro's daily rate of pay $50.00, as well as tips.

24. Upon information and belief, Plaintiff Castro was not properly compensated at the legally requisite federal or state minimum wage or in accordance with the requirements of the tip credit laws and further was not properly compensated at the legally requisite overtime rate of pay the overtime he routinely worked in a work week.

25. Plaintiff's job duties included, but were not limited to, waiting tables, cleaning duties, both inside and outside, and including snow removal, as well as food preparation for Defendants.

26. Plaintiff's job duties were neither managerial in nature nor did they involve any discretion over major decisions involving Defendants' business.

27. Defendants failed to satisfy the requirements for a tip credit because employees who did not customarily and regularly receive tips, were included in the tip pool and received tips, specifically Defendants' manager and perhaps Defendants' hostess as well.

28. Further, Defendants improperly claimed a tip credit for time Plaintiff spent performing work that was not part of Plaintiff's tipped occupation, including cleaning, food prep and snow removal duties.

29. Defendants claimed a tip credit exceeding the amount of tips Plaintiff actually received and retained.

30. Defendants failed to distribute all pooled tips by the applicable payday.

31. Defendants delayed Plaintiff's payday or required Plaintiff to reimburse them if, for example, certain desserts were not sold to Defendants' customers or Plaintiff was unable to amass 50 google reviews of Defendants' restaurant per week

32. Upon information and belief, Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL and NJWPL, as described in this Complaint.

33. At all times material hereto, Plaintiff Castro was performing his duties for the benefit of and on behalf of Defendants.

34. This cause of action is brought to recover from Defendants minimum wage compensation, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL and the NJWPL, on behalf of Plaintiff during the material time.

35. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and NJWPL, in that Plaintiff Castro performed services and labor for Defendants for which Defendants made no provision to

pay Plaintiff Castro compensation to which he was lawfully entitled for those hours worked up to and including forty (40) within a work week.

36. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and NJWPL, in that Plaintiff Castro performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff Castro compensation to which he was lawfully entitled for those hours worked in excess of forty (40) within a work week.

37. Plaintiff Castro has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Castro is entitled to a recovery of reasonable attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**UNLAWFUL TIP CREDIT AND FAILURE TO PAY MINIMUM WAGES**

38. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

39. Plaintiff worked for Defendants as a tipped employee in the position of server from in or about May 2025 through in or about January 2026.

40. Upon information and belief, Defendants paid Plaintiff a direct cash wage of approximately fifty dollars ($50) per day and purported to satisfy the remaining minimum-wage obligation by taking a credit against Plaintiff's tips.

41. Defendants were not entitled to take a tip credit because, before taking the credit, they failed to inform Plaintiff of the requirements of 29 U.S.C. § 201, et.al., including the

amount of the direct cash wage Defendants would pay Plaintiff, the amount of the tip credit Defendants intended to claim, that the tip credit could not exceed the amount of tips Plaintiff actually received, that Plaintiff was entitled to retain all tips, except for contributions to a valid tip-pooling arrangement; and that Defendants could not claim a tip credit unless these requirements were first explained to Plaintiff.

42. Defendants failed to maintain complete and accurate records of Plaintiff's hours, wages, tips, tip-pool contributions, and other compensation as required by the FLSA.

43. Defendants also failed to satisfy the requirements for a tip credit because employees who did not customarily and regularly receive tips, were included in the tip pool and received tips, specifically Defendants' manager and perhaps Defendants' hostess as well.

44. Further, Defendants improperly claimed a tip credit for time Plaintiff spent performing work that was not part of Plaintiff's tipped occupation, including cleaning, food prep and snow removal duties.

45. Defendants claimed a tip credit exceeding the amount of tips Plaintiff actually received and retained.

46. Defendants failed to distribute all pooled tips by the applicable payday.

47. Defendants delayed Plaintiff's payday or required Plaintiff to reimburse them if, for example, certain desserts were not sold to Defendants' customers or Plaintiff was unable to amass 50 google reviews of Defendants' restaurant per week.

48. Defendants' violations were willful. Defendants knew or showed reckless disregard for whether their compensation practices violated the FLSA because Plaintiff made complaints to Defendants about their unlawful wage practices to no avail.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to recover unpaid minimum wages, an equal amount as liquidated damages, reasonable attorneys' fees and costs, and such other relief as the Court deems appropriate under 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME COMPENSATION**

50. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

51. Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA.

52. Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work more than 40 hours in a week.

53. Defendants knew or should have known that Plaintiff worked these overtime hours because Defendants established Plaintiff's schedule, supervised Plaintiff's work, maintained or were required to maintain time records, and observed Plaintiff working.

54. Nevertheless, Defendants failed to compensate Plaintiff at one and one-half times Plaintiff's regular rate of pay for all hours worked over 40 in a workweek.

55. Under the FLSA, Defendants cannot multiply the reduced tipped cash wage by one and one-half to calculate Plaintiff's overtime rate. Nor can Defendants take a larger tip credit for an overtime hour than the tip credit permitted for a straight-time hour.

56. To the extent Defendants were otherwise entitled to take the federal tip credit, Plaintiff's minimum overtime rate was $10.875 per hour, calculated at one and one-half times the $7.25 federal minimum wage. After applying no more than the maximum federal tip credit of

$5.12, Defendants were required to pay Plaintiff a direct cash wage of at least $5.755 for every overtime hour.

57. Defendants failed to pay this required amount because Defendants continued paying only the straight-time tipped cash wage of $50.00 per day and Defendants paid no additional overtime premium for Plaintiff's overtime hours worked.

58. Moreover, as alleged above, Defendants were not entitled to take any tip credit because they failed to comply with 29 U.S.C. § 201, et.al., including its notice, tip-retention, and lawful-tip-pool requirements.

59 Because the tip credit was invalid, Defendants were required to pay Plaintiff the full minimum wage directly for the first 40 hours and at least one and one-half times the applicable minimum wage directly for every hour over 40, without offsetting their obligation by Plaintiff's tips.

60. Defendants failed to maintain complete and accurate records of Plaintiff's daily and weekly hours, tipped and non-tipped work, regular rate, and overtime compensation.

61. Defendants' violations were willful because Plaintiff and similarly situated employees made complaints about the unlawful deductions Defendants were taking from the waiters' compensation

62. As a direct result of Defendants' violations, Plaintiff is entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees and costs, and all other relief authorized by 29 U.S.C. § 216(b).

## COUNT III
## VIOLATION OF THE NEW JERSERY WAGE AND HOUR LAW
## UNLAWFUL TIP CREDIT AND FAILURE TO PAY MINIMUM WAGES

63. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

64. Plaintiff customarily and regularly received more than $30 per month in tips.

65. Upon information and belief, Defendants paid Plaintiff a direct cash wage of approximately $50.00 per day, in Plaintiff's case would be approximately $3.57 to $3.84 per hour per hour if using a 13 to 14 hour work day, and purported to apply Plaintiff's tips as a credit toward Defendants' obligation to pay the New Jersey minimum wage.

66. During 2025, the generally applicable New Jersey minimum wage was $15.49 per hour. The maximum permissible tip credit was $9.87 per hour, requiring an employer claiming the full credit to pay a direct cash wage of at least $5.62 per hour.

67. During 2026, the applicable New Jersey minimum wage was $15.92 per hour. The maximum permissible tip credit was $9.87 per hour, requiring an employer claiming the full credit to pay a direct cash wage of at least $6.05 per hour.

68. Pursuant to section 12 of the N.J.A.C., Defendants were not eligible to apply a tip credit, not only because they did not pay the requisite minimum direct cash wage required, but also because they failed to inform Plaintiff in advance of the amount of the cash wage Defendants would pay, the amount of the tip credit Defendants intended to claim, that the tip credit could not exceed the value of the tips Plaintiff actually received, that Plaintiff was entitled to retain all tips except for contributions to a valid tip pool limited to employees who customarily and regularly received tips, and that the tip credit would not apply unless Plaintiff had been informed of New Jersey's tip-credit requirements.

69. Before applying the tip credit, Defendants failed to provide Plaintiff with the information required by the N.J.A.C.

70. Defendants merely informed Plaintiff that they would pay him $50.00 per day plus tips. Defendants, amongst other violations, did not identify the amount of the tip credit, explain that the credit could not exceed the tips actually received, disclose to Plaintiff his right to retain all tips, or explain the conditions under which a tip credit could lawfully be applied.

71. Defendants failed to maintain complete and accurate records of Plaintiff's hours, cash wages, tips actually received, claimed tip credits, tip-pool contributions, tip distributions, and time spent performing tipped and non-tipped work.

72. Defendants' violations were willful, knowing, and not the result of a good-faith error because of Plaintiff 's complaints about Defendants' unfair wage practices.

73. Because of Defendants' violations of the tip credit requirements as reflected more fully in the above paragraphs, Defendants were not eligible to claim any tip credit and were required to pay Plaintiff the full applicable New Jersey minimum wage directly for every hour worked.

74. As a direct and proximate result of Defendants' violations, Plaintiff suffered unpaid minimum wages and loss of tips.

75. Under N.J.S.A. 34:11-56a25, Plaintiff is entitled to recover the unpaid minimum wages, liquidated damages of up to 200 percent of the unpaid wages, reasonable attorneys' fees, costs, and all other available relief.

**COUNT IV**
**VIOLATION OF THE NEW JERSERY WAGE AND HOUR LAW**
**UNLAWFUL TIP CREDIT AND FAILURE TO PAY OVERTIME WAGES**

76. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

77. During Plaintiff's employment, Defendants regularly required Plaintiff to work more than 40 hours in a workweek.

78. Under the NJWHL, Plaintiff was entitled to compensation at one and one-half times the regular hourly rate for every hour worked over 40 in a workweek.

79. Defendants failed to pay Plaintiff the required overtime compensation by paying him the same reduced tipped cash wage for straight-time and overtime hours and paying only straight-time compensation for overtime hours worked.

80. During 2025, the generally applicable New Jersey minimum wage was $15.49 per hour. Accordingly, the minimum overtime rate was $23.235 per hour.

81. If Defendants were otherwise entitled to claim the maximum $9.87 tip credit, Defendants were required to pay at least $13.365, customarily rounded to $13.37, in direct cash wages for each overtime hour worked during 2025.

82. During 2026, the generally applicable New Jersey minimum wage was $15.92 per hour. Accordingly, the minimum overtime rate was $23.88 per hour.

83. If Defendants were otherwise entitled to claim the maximum $9.87 tip credit, Defendants were required to pay at least $14.01 in direct cash wages for each overtime hour worked during 2026.

84. Because Defendants paid Plaintiff $50.00 per day and he routinely worked 13 or 14 hours each day, the direct cash wage paid by Defendants was approximately $3.57 or $3.55,

which is significantly less than the requisite hourly rate of pay for overtime work in both 2025 and 2026.

85. Moreover, as alleged above, Defendants were not eligible to claim any tip credit because they failed to satisfy the notice, tip-retention, tip-pooling, and other requirements of the N.J.A.C.

86. Because Defendants' tip credit was invalid, Defendants were required to pay Plaintiff the full applicable New Jersey minimum wage directly for the first 40 hours and one and one-half times Plaintiff's applicable regular rate directly for every hour over 40, without using customer tips to offset that obligation.

87. Even if Defendants were entitled to some tip credit, Defendants claimed a credit exceeding the lawful amount or exceeding the tips Plaintiff actually received and retained.

88. As stated herein, Defendants also failed to maintain complete and accurate records of Plaintiff's daily and weekly hours, regular rate, overtime hours, cash wages, tips, tip credits, and overtime compensation

89. Defendants' conduct was knowing and willful because of Plaintiff's wage theft complaints.

90. As a direct and proximate result of Defendants' violations, Plaintiff suffered unpaid overtime wages.

91. Under N.J.S.A. 34:11-56a25, Plaintiff is entitled to recover the unpaid overtime wages, liquidated damages of up to 200 percent of the unpaid wages, reasonable attorneys' fees and costs, and all other available relief.

**COUNT V**
**RECOVERY OF COMPENSATION**
**PURSUANT TO THE NJWPL**

92. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

93. Plaintiff's wages included Plaintiff's hourly compensation, overtime compensation, tips belonging to Plaintiff, tip-pool distributions, service-charge distributions promised or allocated to Plaintiff, and other remuneration earned for Plaintiff's labor.

94. Defendants were required to pay Plaintiff all wages earned on regular paydays and were prohibited from withholding or diverting any portion of Plaintiff's wages except as expressly permitted by law.

95. Defendants failed to pay Plaintiff all wages earned for services rendered, including compensation for cleaning and non server preparation duties.

96. Defendants also failed to pay Plaintiff all earned overtime wages for hours worked over 40 in individual workweeks.

97. As stated earlier, if Plaintiff didn't sell a particular dessert, for example, or didn't obtain a certain number of google reviews for the restaurant in a workweek, Defendants either delayed the payment of Plaintiff's compensation or required reimbursement of a sum certain for the aforementioned failures.

98. Defendants also paid underpaid Plaintiff his requisite direct cash wage for both straight time hours and overtime hours that he earned and was entitled to receive.

99. Defendants also unlawfully withheld or diverted Plaintiff's earned wages and tips by retaining a portion of Plaintiff's cash or credit-card tips,  permitting an owner, manager, or supervisor to retain or receive a portion of Plaintiff's tips, diverting Plaintiff's' tips to employees who were not eligible to participate in the applicable tip pool, failing to distribute all tips owed to Plaintiff from a tip pool, and deducting amounts that Plaintiff had not authorized in writing and

that were not otherwise permitted by law, , requiring Plaintiff to reimburse Defendants earned wages for failure to sell desserts or obtain Google reviews sufficiently, and/or failing to pay earned wages on the regular payday required by law.

100. Defendants knowingly failed to pay Plaintiff all compensation earned for services rendered and knowingly withheld or diverted Plaintiff's wages for their own benefit.

101. Defendants' conduct violated N.J.S.A. 34:11-4.1, et.al.

102. As a direct and proximate result, Plaintiff suffered the loss of earned straight-time wages, overtime wages, tips, and other compensation.

103. Under N.J.S.A. 34:1, et.al., and other applicable law, Plaintiff is entitled to recover all wages unlawfully withheld, liquidated damages of up to 200 percent of the unpaid wages, reasonable attorneys' fees and costs, and all other available relief.

## JURY TRIAL

104. Plaintiff Castro and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff requests judgment against Defendants for the payment of minimum wages and overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: September 14, 2026

Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s/ Andrew I. Glenn

Andrew I. Glenn, Esquire
E-mail: AGlenn@JaffeGlenn.com
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff and Putative Class*